# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

BILLY C. GRIFFIN,

      Petitioner,

-vs-                                Case No.  8:02-CV-1863-T-30TGW

JAMES V. CROSBY, JR.,[1] et al.,

      Respondents.

_____/

## <u>ORDER</u>

      BILLY C. GRIFFIN, an inmate in a Florida penal institution proceeding *pro se*, initiated this cause of action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his 1990 convictions for armed kidnaping, armed robbery, armed burglary, and aggravated assault entered by the Tenth Judicial Circuit Court, Polk County, Florida (Dkt. 1). After undertaking the review required by Rule 4, Rules Governing Section 2254 Cases (2005),[2] the Court concluded *sua sponte* that the Griffin's claims may be time-barred under the provisions of 28 U.S.C. § 2244(d).  *See Jackson v. Secretary for the Department of Corrections*, 292 F.3d 1347, 1349 (11th Cir. 2002) (holding that a district court possesses discretion to raise the issue of the timeliness of a § 2254 petition for habeas corpus *sua sponte*). Respondents was directed to file a limited response addressing that issue.

---

[1]James V. Crosby, the current Secretary of the Florida Department of Corrections, is substituted as the proper party respondent for Michael W. Moore, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure

[2]Rule 4 provides, in pertinent part, that "[i]f it plainly appears from the petition and any attached exhibits that petitioner is not entitled to relief . . . , the judge must dismiss the petition and direct the clerk to notify the petitioner."

Respondents filed a response on June 13, 2003, incorporating a motion to dismiss the petition as time barred (Dkt. 10). Griffin has filed a reply thereto (Dkt. 11).

## Background

On July 30, 1990, a jury found Griffin guilty of armed burglary, aggravated assault (three counts), armed kidnaping (five counts), and armed robbery. The jury made specific findings that Griffin was armed with a deadly weapon with respect to the burglary count and with a firearm with regard to each of the remaining counts. On August 24, 1990, the trial court sentenced Griffin to serve a term of life in prison on the armed burglary charge, the armed kidnaping charges, and the armed robbery charge and a term of five years imprisonment on each of the aggravated assault charges, with a three-year minimum mandatory term on each count, and all sentences to run concurrently. Griffin's convictions and sentences were affirmed on direct appeal on July 26, 1991, *per curiam*. *See Griffin v. State*, 583 So.2d 678 (Fla. 2d DCA 1991) (Table). The mandate issued January 5, 1993.

On November 12, 1991, Griffin filed a *pro se* motion to correct an illegal sentence under Fla. R. Crim. P. 3.800(a). The state appellate court affirmed, *per curiam*, the trial court's decision denying the motion on procedural grounds on January 24, 1992. *See Griffin v. State*, 592 So.2d 1094 (Fla. 2d DCA 1992) (Table). The mandate issued February 11, 1992.

On June 5, 1992, Griffin filed a *pro se* motion for post-conviction relief under Fla. R. Crim. P. 3.850, which was summarily denied. The state appellate court affirmed the trial court's decision on December 9, 1992, *per curiam*. *See Griffin v. State*, 613 So.2d 23 (Fla. 2d DCA 1992) (Table). The mandate issued January 6, 1993.

On July 8, 1993, Griffin filed a second Rule 3.850 motion alleging that an intervening change in law rendered counsel's performance deficient with respect to a jury instruction

on kidnaping.  The trial court denied the second Rule 3.850 as barred by the successive

petition doctrine. On September 29, 1993, the state appellate court affirmed the trial court's

decision, *per curiam*.  *See  Griffin v. State*, 626 So.2d 1374 (Fla. 2d DCA 1993). The

mandate issued October 20, 1993.

On November 23, 1993, Griffin filed a petition for state habeas relief alleging that his

appellate counsel rendered ineffective assistance on direct appeal.  On February 25, 1994,

the petition was denied without written opinion.   *See Griffin v. Singletary*, 637 So.2d 245

(Fla. 2d DCA 1994) (Table).

On July 12, 1994, Griffin filed a petition for federal habeas relief in Case No.

94-1122-Civ-T-23B (M.D. Fla. 1998). The petition was denied and judgment was entered

against Griffin on September 14, 1998. On November 16, 1999, the Eleventh Circuit Court

of Appeals denied Griffin's request for issuance of a certificate of appealability.  *See Griffin*

*v. Moore*, Case No. 98-3485-P (11th Cir. 1999).

On March 31, 1999,[3] while the appeal of his § 2254 petition was pending, Griffin filed

a third *pro se* application for state post-conviction relief pursuant to Fla. R. Crim. P. 3.850

motion raising a claim of newly discovered evidence.  Griffin asserted that state witness

James Edward Williams testified falsely at his trial and that the State suppressed favorable

evidence of a purported offer of leniency made to Williams in exchange for his testimony

---

[3]Extending its holding in *Haag v. State*, 591 So.2d 614 (Fla. 1992), that an inmate's document is deemed "filed" when he or she places it in the hands of prison officials, the Florida Supreme Court has held that there is a presumption that documents filed by *pro se* prisoners were "filed" on the date stated in the certificate of service attached to the document.  *See Thompson v. State*, 761 So.2d 324, 326 (Fla. 2000) (finding that where a DOC facility does not maintain a log of outgoing mail, the court will "presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date"). Where the prisoner fails to include a certificate of service with the document, Florida courts will accept the notarization date as the filing date.  *See Rector v. State*, 668 So.2d 1104 (Fla. 4th DCA 1996) (holding that "a Rule 3.850 motion that is notarized on a certain date is deemed to have been filed on that date.") (citation omitted).

(Dkt. 13, Vol. I at 89-92). In support of his Rule 3.850 motion, Griffin filed an affidavit from Williams, then an inmate at the Avon Park Correctional Institution, stating that his testimony at trial was false, and the State had offered to have him released on his own recognizance and promised to speak to his sentencing judge if he testified against Griffin (Dkt. 13, Vol. I 108-109). Having heard testimony by Williams and The Honorable Judge Jack Espinosa, Jr.,[4] during an evidentiary hearing held on December 3, 1999, the trial court entered an order on May 4, 2000, finding that Williams's recantation was not credible and denied Griffin's third Rule 3.850 motion (Dkt. 13, Vol. I at 185-189).  On October 5, 2001, the state appellate court affirmed the trial court's decision, *per curiam*, with the mandate issuing on November 5, 2001. *Griffin v. State*, 799 So.2d 1037 (Fla. 2d DCA 2001) (Table).

Not deterred, Griffin filed an application for leave to file a successive petition for federal habeas relief under 28 U.S.C. § 2254 on February 5, 2002.  Griffin identified claims of newly discovered evidence and the use of perjured testimony by the State as those he wished to raise in a successive petition.  On March 4, 2002, the Eleventh Circuit denied Griffin's request, stating, in relevant part, as follows:

> Griffin identifies the following two claims that he wishes to present in a successive § 2254  petition: (1) newly discovered evidence, and (2) the state's use of perjured testimony in violation of *Giglo v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 LED.2d 104 (1972), and *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 LED.2d 215 (1963).
>
> Both of Griffin's claims are based on newly discovered evidence of an affidavit by the state's witness, James E. Williams.  Griffin maintains that in Williams' affidavit, Williams states that he testified falsely against Griffin in return for the prosecution's assistance at Williams' sentencing hearing. According to Griffin, Williams also states in his affidavit that the prosecution knew that Williams' testimony against Griffin was false and that Williams was given 15 years off of a 45 year sentence in return for his cooperation. Griffin further maintains that Williams testified at Griffin's post-conviction hearing

---

[4]A state circuit court judge at the time of the evidentiary hearing, Judge Espinosa prosecuted Griffin in 1990.

that he testified falsely at Griffin's criminal proceedings in return for the prosecution's assistance at Williams' sentencing. Griffin asserts that he could not have previously uncovered this evidence to raise in his first petition because Williams recently filed the sworn affidavit. Additionally, Griffin asserts that he could not have previously discovered this evidence because he is relying on Williams' testimony at Griffin's post-conviction hearing.

Griffin must demonstrate that his claims are based on newly discovered evidence that "could not have been discovered previously through the exercise of [sic correction] due diligence." 28 U.S.C. § 2244 (b) (2) (B) (I). As such, authorization will not be granted for any claim predicated on facts that could have been uncovered through a reasonable investigation, undertaken before the initial § 2254 petition was litigated. *In re Boshears*, 110 F.3d 1538, 1540 (11th Cir. 1997). Although Griffin is relying on newly discovered evidence of Williams, sworn affidavit and testimony at Griffin's postconviction hearing, Griffin fails to explain why he could not have discovered Williams' statements concerning false testimony and prosecutorial misconduct earlier, before Griffin filed his initial § 2254 petition. *See In re Boshears*, 110 F.3d at 1540.

Accordingly, because Griffin has not made a *prima facie* showing of the existence of either of the grounds set forth in § 2244(b)(2), his application for leave to file a second or successive habeas petition is DENIED.

Dkt. 13, Ex. 42.   *See In Re: Billy C. Griffin*, Case No. 02-10746-I (11th Cir. Mar. 4, 2002).

Griffin subsequently filed another application for leave to file a successive petition under 28 U.S.C. S 2254 on May 13, 2002. The assertions in Griffin's second application mirrored the first. On June 19, 2002, the Eleventh Circuit, granted the second application without reference to its ruling on Griffin's previous request, stating, in relevant part, as follows:

In his application and attached pages, Griffin indicates that he wishes to raise the following two claims in a second or successive habeas petition: (1) a cooperating state witness testified falsely at his trial in exchange for the prosecutor's promise of a more lenient sentence; and (2) he was denied a fair trial because the state used false evidence and perjured testimony to secure his conviction and failed to disclose a cooperation agreement with its key witness.

Griffin admits that his first claim does not rely on a new rule of constitutional law, but instead relies on newly discovered evidence, namely, an affidavit from a cooperating state witness, James E. Williams. In the affidavit, which

Griffin's conviction in exchange for the state prosecutor's promise to recommend a reduced sentence in Williams, own unrelated case. According to Griffin, both Williams and the state prosecutor denied the existence of any cooperation agreement at his 1990 trial.  Griffin,  however, contends that, in 1991, Williams received "15 years off a 45 year sentence" after the prosecutor spoke on his behalf at his sentencing hearing. Griffin then notes that "Williams' testimony constituted the only nonconfession evidence to suggest that the Griffin admitted he committed the crime." Griffin explains that he could not have discovered the factual basis for this claim until October 14, 1998, the date that Williams prepared the affidavit. Based on a Westlaw search, it appears that, between 1998 and the present, Griffin has been pursuing this claim in state court.

Liberally construing the allegations in the application, Griffin's first claim arguably satisfies the statutory criteria.  According to the application, Griffin's first trial ended in a hung jury, which resulted in a mistrial. When Griffin was retried, Williams reiterated his original trial testimony, but added two key additional facts that he had not raised during the first trial, namely, that Griffin had shown him a pillow case half-full of money and had instructed him to purchase a wig (various eyewitnesses had described the perpetrator as having long hair, although Griffin maintains that he had short hair at the time of the crime).   Griffin contends that Williams admitted that these two additional facts, as well as all of his testimony at the first trial, were perjured and that they "played a vital role in the outcome of the retrial" because Williams' testimony constituted the bulk of the evidence against him. Although Griffin vaguely indicates in other portions of his application that other witnesses testified against him at trial, he maintains that the witnesses, physical descriptions of the perpetrator did not meet his physical description and that their identifications of him were ambivalent.  The existing record before this Court is unclear as to the substance or reliability of any other trial evidence proffered against Griffin. Thus, Griffin has adequately demonstrated that, but for constitutional error, no reasonable juror would have convicted him of the underlying offense. See 28 U.S.C. § 2244(b)(2)(B).

As with his first claim, Griffin acknowledges that his second claim does not rely on a new rule of constitutional law, but instead relies only on newly discovered evidence. Again, Griffin relies on Williams' affidavit to support his claim, asserting that he "could not have raised these violations during his first petition, because he had no proof of these claims until Mr. Williams prepared the affidavits." Griffin further relies on Williams' testimony at a state court evidentiary hearing, during which Williams essentially reiterated the contents of his written affidavit.

Griffin's second claim satisfies the statutory criteria for the same reasons as his first claim. As noted above, Williams' affidavit, if true, establishes that the prosecutor encouraged him to lie at Griffin's trial in exchange for sentencing leniency.  The procedural history of this case suggests that the trial evidence

against Griffin was not overwhelming, given that the first trial resulted in a hung jury. As such, Williams' allegedly perjured testimony, enhanced by new facts not presented at the original trial, may have "played a vital role in the outcome of the retrial."

Accordingly, because Griffin has made a *prima facie* showing of the existence of either of the grounds set forth in § 2244(b)(2), his application for leave to file a second or successive habeas petition is GRANTED as to each of the two claims identified in his application.

Dkt. 13, Ex. 44.  *See In Re: Billy C. Griffin*, Case No. 02-12772-E (11th Cir. Jun. 19, 2002).

Griffin filed his second petition for federal habeas relief on October 8, 2002 (Dkt. 1).

Griffin raises the following claims in his petition:

1.   On October 14, 1998, Griffin discovered that James Edward Williams, [sic] prepared a sworn affidavit, which showed affirmatively that he stated, he was promised by the prosecution that his cooperation would be brought to the attention of the sentencing judge. . . . In support of his application for habeas corpus relief, Griffin relies on the affidavit submitted by Mr. Williams in which he swore that Mr. Espinosa made a deal with him.

2    The State used false evidence, perjured testimony and failed to disclose to the defense the agreement it made with one [of] its witnesses in return for his cooperation and testimony, in violation of *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), and *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

Dkt. 1 at 4(a) & 6(a).  In the response, Respondents assert that the petition is time barred pursuant to 28 U.S.C. § 2244(d)(1).  Having considered the arguments by the parties, the record, applicable statutes, and controlling case law, the Court agrees with Respondent.

### Standard of Review

In determining whether to grant a Fed. R. Civ. P. 12(b)(6) motion, the Court construes the complaint in the light most favorable to the petitioner and its allegations are taken as true.  *See Roberts v. Florida Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998), *cert. denied*, 525 U.S. 1139 (1999).  While courts must liberally construe and accept as true allegations of fact in the complaint and inferences reasonably deductive therefrom,

they need not accept factual claims that are internally inconsistent; facts which run counter to facts of which the court can take judicial notice; conclusory allegations; unwarranted deductions; or mere legal conclusions asserted by a party. *Ellen S. v. The Fla. Bd. of Bar Exam'rs*, 859 F.Supp. 1489, 1492 (S.D. Fla. 1994). *See also Marsh V. Butler County, Alabama*, 268 F.3d 1014, 1036 (11th Cir. 2001) (finding that "[i]n the light of the usual pleading requirements of Fed. R. Civ. P. 8(a), unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal.") (citation omitted); *Mass. School of Law v. American Bar,* 142 F.3d 26, 40 (1st Cir.1998) (finding that a review court need not "swallow plaintiff's invective hook, line and sinker; bald assertions unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited"). In ruling on a motion to dismiss, federal district courts may consider allegations contained in the complaint and any exhibits attached thereto. Fed. R. Civ. P. 12(b)(6).

A motion to dismiss will be denied unless it appears beyond all doubt that the petitioner can prove no set of facts in support of his claims that would entitle him to relief. *See Roberts v. Florida Power & Light Co.*, 146 F.3d at 1307. It is only when the facts alleged, if proven, will not justify recovery that an order of dismissal under Rule 12(b)(6) is warranted. In the case of a *pro se* action, the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers. *See Tannenbaum v. United States,* 148 F.3d 1262 (11th Cir. 1998).

Having considered Griffin's arguments and reviewed applicable statutes and controlling case law, the Court finds that the petition is time-barred, and Griffin has failed to demonstrate that he is entitled to equitable tolling of the one-year limitations period applicable to petitions for federal habeas relief. *See* 28 U.S.C. § 2244(d)(1).

**Evidentiary Hearing**

The Court has reviewed the record and concludes that Griffin is not entitled to an evidentiary hearing.  Under the Rules Governing Section 2254 Cases, Rule 4, a district court faced with a § 2254 motion may make an order for its summary dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  *See also Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002) (quoting 28 U.S.C. § 2255).  Accordingly, no hearing is required when the record establishes that a § 2254 claim lacks merit, *see United States v. Lagrone*, 727 F.2d 1037, 1038 (11th Cir. 1984), or that it is defaulted, *see McCleskey v. Zant*, 499 U.S. 467, 494 (1991).  The Court finds that an evidentiary hearing is not required in this matter.  *See Jones v. United States*, 304 F.3d 1035, 1045 n.18  (11th Cir. 2002); *In re Boshears,* 110 F.3d 1538, 1541 n.1 (11th Cir. 1997) (recognizing that "hearing and findings of fact [are] not required . . . where 'the files and records of the case conclusively show that the prisoner is entitled to no relief' " (quoting 28 U.S.C. § 2255)).

**Discussion**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), enacted on April 24, 1996, dramatically changed the legal landscape of federal habeas corpus law.  One of the many features of this statute was the addition of a one-year limitation period for the filing of habeas corpus petitions by state and federal prisoners:

> (1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(c)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Although Griffin was convicted in 1990, the AEDPA provisions are applicable to his petition because it was filed after AEDPA's enactment date.  Because Griffin's conviction became final prior to the enactment of the AEDPA, his one-year limitation period began to run on the date of enactment, April 24, 1996.  *See Williams v.* Taylor, 529 U.S. 420, 429 (2000); *Wilcox v. Fla. Dept. of Corr.*, 158 F.3d 1209, 1211 (11th Cir. 1998).  Therefore, Griffin had until April 23, 1997, to commence federal proceedings absent any delay attributable to tolling, i.e., a pending, properly filed application for <u>state</u> post-conviction relief.  No state court proceedings related to Griffin's conviction were pending on the date of enactment. The fact that Griffin had a § 2254 motion pending when AEDPA was enacted is of no consequence to a determination of the timeliness of the instant petition. *See*

*Duncan v. Walker*, 533 U.S. 167, 172 (2001) (finding that the AEDPA's one-year limitation period for filing a federal habeas petition is not tolled during pendency of a previously filed federal habeas petition). Griffin filed his third *pro se* application for state post-conviction relief pursuant to Fla Cr. Crim. P. 3.850 motion on March 31, 1999, clearly more than one year after his limitation period commenced to run on April 24, 1996.  Generally, a motion filed after the expiration of the one-year limitation period has no tolling effect.  *See Webster v. Moore*, 199 F.3d 1256, 1257 (11th Cir.), *cert. denied*, 531 U.S. 991 (2000) (finding that even "properly filed" state-court petitions must be "pending" in order to toll the AEDPA one-year limitation period for federal habeas petitions; a state-court application for post-conviction relief that is filed following expiration of limitation period cannot toll that period because there is no period remaining to be tolled).

In the instant case, however, Griffin asserts that he is entitled to proceed under § 2244(d)(1)(D), set forth *supra.*  The basis for Griffin's argument is his claim of newly discovered evidence based on the October 14, 1998 "discovery" that James E. Williams was prepared to recant his trial testimony.  Griffin first asserted this claim in the Rule 3.850 motion filed March 31, 1999. As set forth *supra*, on October 5, 2001, the state appellate court affirmed the trial court's decision denying Griffin's Rule 3.850 motion, *per curiam*, with the mandate issuing on November 5, 2001. *Griffin v. State*, 799 So.2d 1037 (Fla. 2d DCA 2001) (Table).  There are no allegations that the state imposed an unconstitutional impediment to the filing of Griffin's petition for federal relief or that the Supreme Court has announced a new rule applicable to Griffin's claim.  Therefore, the statutory exceptions embodied in § 2244(d)(1)(B) and § 2244(d)(1)(c) do not apply.

Until Respondents filed a motion to dismiss the Petition as time barred pursuant to 28 U.S.C. § 2244(d)(1)(D) (Dkt. 10), Griffin had consistently asserted in both state and

federal court that he "discovered" the "new evidence" upon which his claim is based on October 14, 1998.  *See* Dkt. 12, Ex. 35 at 1; Ex. 40 at 5a; Ex. 43 at 5a; Dkt. 1 at 4a). However, when Respondents challenged the timeliness of the Petition, Griffin filed a reply to the response contradicting his earlier pleadings, stating:

> The respondent requested that Petitioner['s] petition be dismissed or denied, Petitioner submits that his Petition was timely filed and that pursuant to . . . [§] 2254(ed)(1)(D) he had exercised due diligence in present his claim. However he mistakenly claimed that he discovered Williams['s] affidavit on October 14 - 1998 [sic].  Petitioner asserts that he received Williams['s] affidavit on March - 10 - 1999 [sic].  And that he could not have received it on the same day or date that Williams dated it, for several reasons.  First of all, James Williams is incarcerated at Avon Park Correctional Institution.  Which is another prison.  Secondly, pursuant to Florida Administrative Code, Chapter (33)210(7) inmates at different institutions are not allowed to correspond with other inmates without the warden['s] approval.  Hence Petitioner and Mr. Williams relied on their family members to communicate with one another.  See Ex. "B" William['s] Second Affidavit attesting to the fact that he sent to Petitioner'[s] mother his first affidavit recanting his testimony at trial during the early part of March 1999.  Also see Petitioner's Affidavit Ex. "C."
>
> Based on the afforesaid [sic] facts the Petitioner honestly believe[s] that pursuant to 28 U.S.C. A. Sec. 2244(d)(1)(D) this court should find that March -10 - 1999 [sic] was the date on which the factual predicate of the claims presented were discovered through the exercise of due diligence.

Dkt. 11 at 2-3.  In support of his reply, Griffin attached two affidavits.  In Griffin's affidavit, he avers that:

> I[,] Billy C. Griffin[,] on March - 10 - 1999 [sic] did in fact *receive* a packett [sic] of legal papers from my mother which consisted of and [sic] affidavit and other papers from James Williams, recanting his testimony from my trial, as well as Mr. Williams admitting that he committed perjury during my trial.  I immediately filed a newly discovered evidence claim in the lower courts, on March - 31 - 1999.  I made a mistate [sic] when I listed the date as Oct - 14 - 98 as the date of discovery of this new evidence.

Dkt. 11, App. D (emphasis added).  The second affidavit, executed by James Williams on May 21, 2003, states:

> On Oct. 14, 1998, after speaking with my family member, I decided to draft an affidavit admitting that I had fabricated testimony during Mr. Griffin's trial. I had offered perjured testimony on behalf of the state of Florida.
>
> Approximately ten (10) days later, I asked my family to forward all my legal document I had stored at home.  After a lengthy delay of back and forth dialogue, my family finally sent to me my sentencing hearing transcripts as well as other legal documents I requested.  During the early part of March 1999, I *sent* the earlier drafted affidavit and sentencing hearing transcript, as well as other related documents to Griffin's mother, advising her that she should *forward* this material to her son (Griffin) as soon as possible.  I also informed her that, if necessary, I would be willing to testify in his behalf.

*Id.*, Ex. B (emphasis added).

Griffin asks that the Court accept the date he "received" the affidavit as the date his claim of "newly discovered evidence" accrued for § 2244(d)(1) purposes, despite having repeatedly contended over the past 4 years that he "discovered" the new evidence on October 14, 1998. Generally, in considering a Rule 12(b)(6) motion, the court accepts the nonmovant's statements of fact as true.  Where, however, the nonmovant's sworn statements are self-contradictory, the court is not required to accept as true the contradictory allegations of fact.  The Court finds Griffin's sudden recall incredible.

Section 2244(d)(1)(D) reinitiates an expired limitation period based on the discovery of new evidence.  It is the date on which the petitioner has knowledge of the existence of the new evidence that triggers the clock, not the date on which the petitioner received a document memorializing the new evidence.  *See M.P. v. Perlman*, 269 F.Supp.2d 36 (E.D. N.Y. 2003) (equitable tolling was not warranted on grounds that there were delays in receiving affidavits and affirmations that the petitioner intended to use during his state post-conviction proceedings where such delays did nothing to prevent the petitioner from filing a timely habeas petition). The date on which Griffin could have discovered the factual predicate of his claim through the exercise of due diligence is the date on which he was "on

notice of the facts which would support a claim, not . . . the date on which [Griffin] has in his possession evidence to support his claim." *See Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998) ("Section 2244(d)(1)(D) does not convey a statutory right to an extended delay . . . while a habeas petitioner gathers every possible scrap of evidence that might . . . support his claim.").

Notably, as discussed *supra*, on March 4, 2002, an Eleventh Circuit panel found that Griffin failed to explain why he could not have "discovered Williams' statements concerning false testimony and prosecutorial misconduct earlier, before [he] filed his initial § 2254 petition." *In Re: Billy C. Griffin*, Case No. 02-10746 (11th Cir. Mar. 4, 2002). Three months later, an Eleventh Circuit panel found to the contrary, noting that "[b]ased on a Westlaw search, it appears that, between *1998* and the present Griffin has been pursuing this claim in state court" and that "the existing record before [the] Court is unclear as to the substance or reliability of any other trial evidence proffered against Griffin." Griffin argued that he "could not have raised these violations during his first petition, because he had no proof of these claims until Mr. Williams prepared the affidavit." Rather than finding that the statements in Williams's affidavit are credible, the Eleventh Circuit qualified its finding that Griffin "made a *prima facie* showing of the existence of either of the grounds set forth in § 2244(b)(2)," by stating that "Williams' affidavit, *if true*, establishes that the prosecutor encouraged him to lie at Griffin's trial in exchange for sentencing leniency."[5]

---

[5]The state post-conviction court considered and rejected the claims presented in the instant petition, finding, in relevant part, that Griffin's "newly discovered evidence claim also fails because Williams' recantation not only lacks credibility, but also because it is not of the nature that it would probably produce an acquittal on retrial. Williams was thoroughly cross-examined at both trials and defense counsel was very effective in discrediting him before the jury. Additionally, sufficient evidence exists to support the jury verdict of guilty regardless of Williams' testimony. The addition of minimal testimony about the wig and the woman, which was vague at best, does not amount to the mountain the Defendant makes it out to be. Although the first jury was hung, it can hardly be said that the second jury turned its verdict on Williams' testimony, especially in light of his shady character and thorough cross-examination by defense counsel. Among other evidence against (continued...)

Assuming, without deciding, that Griffin could establish that the information in Williams's recantation satisfies the five-prong test for new evidence in this circuit," *see Lynn v. United States*, 365 F.2d 1225, 1237 (11ᵗʰ Cir. 2004), *cert denied*, __ U.S. __, 125 S.Ct. 167, 160 L.Ed.2d 154 (2004) (rejecting "newly discovered evidence" claim as cause for failure to raise witness sequestration claim on direct appeal) (citing *United States v. Jernigan*, 341 F.3d 1273, 1287 (11th Cir. 2003)), in that event, Griffin had until October 14, 1999, to file his request for federal habeas relief absent tolling by a pending application for state post-conviction relief. *See* 28 U.S.C. 2244(d)(1). As stated *supra*, Griffin did not seek state post-conviction relief on his "newly discovered evidence" claim until March 31, 1999, 168 days after the one-year limitation period commenced to run. The limitation period remained tolled until the state appellate court issued its mandate affirming the trial court's decision on November 5, 2001. At that time, 197 days of the limitations period remained (365 days - 168 days = 197 days). Thus, Griffin needed to file his petition on or before May 21, 2002. Griffin waited 92 days before filing an application to file a successive petition for federal habeas relief on February 5, 2002. The Eleventh Circuit rejected his application on March 4, 2002. Griffin filed a second application to file a successive petition for federal habeas relief 70 days later on May 13, 2002. The second application to file a successive petition was granted on June 19, 2002. Griffin delayed, however, until October 8, 2002, before filing his petition. A total of 441 days elapsed from the time Griffin <u>discovered</u> his "new evidence" on October 14, 1998, until he filed the instant petition for habeas relief,

---

[5](...continued)

Griffin, there were five eye-witness accounts identifying Griffin as the robber, one of which came from a trained auxiliary police officer, and testimony from a Polk County Sheriff's Office employee who overheard Griffin relating the information to his mother about large sums of money he had stashed away. Based on the foregoing, the Court finds that the Defendant can prevail neither on his claim under *Giglio* and its progeny nor the doctrine of newly discovered evidence." Dkt. 19, Ex. 40, Vol. II at 188. This decision was affirmed by the state appellate court on October 5, 2001. *See Griffin v. State*, 799 So.2d 1037 (Fla. 2d DCA 2001) (Table).

excluding the time when Griffin had a properly filed *state* application for post-conviction relief filed.  Thus, the Court is required to dismiss the § 2254 petition as untimely unless the § 2244(d)(1) limitation period is equitably tolled.

**Equitable Tolling**

"The 1-year limitation period of § 2244(d)(1) quite plainly serves the well-recognized interest in the finality of state court judgments. . . . by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review."  *Duncan v. Walker*, 533 U.S. 167, 179 (2001) (citation omitted).  Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are <u>both</u> beyond his control and unavoidable with diligence.'"  *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999) (*per curiam*)).  In addressing the applicability of equitable tolling, the Eleventh Circuit recently held that "[t]he *petitioner* has the burden of proving entitlement to equitable tolling" (emphasis added).  *Jones v. United States,* 304 F.3d 1035, 1040-41 (11th Cir. 2002) (citations omitted).  The test for equitable tolling is <u>both</u> "extraordinary circumstances beyond the petitioner's control" *and* due diligence. *See Drew v. Department of Corrections*, 297 F.3d 1278, 1288 (11th Cir. 2002). For reasons discussed above, Griffin fails the second prong of this test.  Moreover, Griffin has failed to show that any extraordinary circumstance beyond his control made it impossible for him to file his federal habeas petition in a timely manner.  *See Helton v. Sec. for the Dep't of Corr.*, 259 F.3d 1310, 1315 (11th Cir. 2001) (holding that "[t]he 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction.").

Williams's recantation is the factual predicate for both claims asserted in the Petition. Griffin's argument that the Court should "take into account the conditions of his confinement and the reality of the prison system" in considering whether he should be allowed to proceed despite the procedural bar to his claims does not advance his cause. While these factors may be relevant to Griffin's assertion that he could not have come into *possession* of Williams's "affidavit" the day he executed it, they are not relevant to determining when Griffin "discovered" the new evidence, which is the relevant date in determining when the claim accrued for § 2244(d)(1)(D) purposes; particularly so when considering that the newly discovered evidence is an affidavit which merely memorializes the recantation. Moreover, Williams acknowledges that it was after "speaking with [his] family member" that he decided to draft the affidavit recanting his testimony (Dkt. 11, Ex. B). Griffin states that he and Williams circumvented regulations proscribing "communication" between prisoners within the Florida penal system by relaying messages to each other through their respective family members (Dkt. 11 at 2-3). Griffin cannot successfully assert that the very prison regulations that he admits he circumvented in communicating with Williams should now be considered as an impediment warranting granting him the benefit of equitable tolling. The Court finds, therefore, that Griffin has not shown that he is entitled to the benefit of equitable tolling of the limitations period.

Griffin asserts that he should be allowed to proceed under the standard applied to claims of "actual innocence." This circuit has not decided whether there is an "actual innocence" exception to AEDPA's one-year statute of limitations. *See Helton v. Sec. for Dep't of Corr.*, 259 F.3d at 1315; *Wyzykowski v. Dep't of Corr.,* 226 F.3d 1213, 1219 (11th Cir. 2000).

Were "actual innocence" an exception to the application of the one-year limitations provisions of § 2244, the Court would still be precluded from granting Griffin the relief he seeks.  Where a federal habeas petition is procedurally barred, to prevail on a claim of "actual innocence" a petitioner must demonstrate that he has newly discovered evidence which, if presented at trial would establish <u>factual innocence</u> rather than mere legal insufficiency.  *See Schulp v. Delo,* 513 U.S. 298, 316 (1995) (citations omitted) (holding that "[w]ithout any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim."); *High v. Head*, 209 F.3d 1257, 1270 (11th Cir. 2000) (citation omitted).  Griffin asserts that he is entitled to proceed because Williams's recantation is "newly discovered evidence."  As stated *supra*, to find shelter for his claim under the "actual innocence" exception, Griffin must bring forth newly discovered evidence of factual <u>innocence</u>.  Williams's affidavit does not meet this test.  All that the affidavit establishes, if true, is that Williams perjured himself when he testified at Griffin's trials.  There is, simply put, no colorable claim of "actual innocence" here. In the absence of such a showing, a federal habeas court should not disregard the procedural bar to a consideration of the merits of a petitioner's claims.

### Conclusion

Given this chronology of events, it is clear that more than one year elapsed between the date the conviction challenged herein became final after direct review and the filing of the instant petition.  The Court finds, therefore, that Respondent's motion to dismiss on grounds that the petition is time barred under the provisions of § 2244(d) should be granted.

**ACCORDINGLY**, the Court **ORDERS** that:

1.   Respondent's motion to dismiss is **GRANTED** (Dkt. 10).

2.   The Clerk shall enter judgment against Griffin,  terminate all pending motions,

and close this case.

**DONE** and **ORDERED** in Tampa, Florida on July 25, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
All Parties of Record

SA:jsh